UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11934-RGS

PERRY J. FORGIONE

v.

TRUSTEES OF BOSTON UNIVERSITY

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS

December 17, 2013

STEARNS, D.J.

Plaintiff Perry Forgione, proceeding pro se, brought this Title VII lawsuit against the Trustees of Boston University (BU) as his former employer, alleging disability discrimination and retaliation.  BU now moves to dismiss Forgione's Complaint for failing to state an actionable claim, pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons to be explained, BU's motion will be granted.

BACKGROUND

On November 10, 2010, Forgione filed a charge of disability discrimination with the Massachusetts Commission Against Discrimination (MCAD).  On September 3, 2011, he filed a second MCAD charge more generally alleging violations of the State Anti-Discrimination in Employment

Statute,  Mass. Gen. Laws ch. 151B.  The MCAD eventually dismissed both charges for lack of probable cause.  Forgione's administrative appeal of the dismissal was denied.  On May 16, 2013, the U.S. Equal Employment Opportunity Commission (EEOC) adopted the MCAD's findings and determination.

On August 16, 2012, Forgione sued BU in the Suffolk Superior Court, alleging wrongful termination and seeking reinstatement.  On October 18, 2012, Justice Peter M. Lauriat dismissed Forgione's Complaint.  *See Forgione v. Trs. of Boston Univ.*, No. 12-3094-C  (Mass. Sup. Ct. Oct. 18, 2012). A motion for reconsideration was denied on November 26, 2012.

On August 12, 2013, Forgione filed a regurgitation of his state complaint against BU in this court (Civil Action No. 13-11934-RGS).  When BU moved to dismiss the Complaint on grounds of res judicata, Forgione filed an iteration of the Complaint as a new action, which also found its way to this session (Civil Action No. 13-12294-RGS).  On October 8, 2013, the court entered an order directing Forgione to show cause why the second Complaint should not be consolidated with the first.  BU was also invited to respond.

Forgione ignored the order, and instead, on September 27, 2013, filed an opposition to BU's earlier motion to dismiss.  On October 8, 2013, BU moved to consolidate and dismiss both of Forgione's complaints.  On October 17, 2013, this court allowed the motion to consolidate and denied BU's motion to dismiss without prejudice with leave to refile after consolidation.  BU did so and on November 22, 2013, Forgione filed a consolidated opposition addressing BU's res judicata arguments.[1]

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Supreme Court explained in *Twombly* that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  In

---

[1] Forgione claims in his opposition that his right to due process was violated by BU's counsel when counsel boycotted a portion of Forgione's MCAD appeals hearing.  This claim has no constitutional content.

3

reviewing a Rule 12(b)(6) motion, the court "may consider 'documents the authenticity of which are not disputed by the parties; documents central to plaintiff['s] claim; and documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007), quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (original alterations omitted).

"Res judicata is an affirmative defense, but where . . . the defendant has raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." *In re Sonus Networks, Inc.*, 499 F.3d 47, 56 (1st Cir. 2007).[2] A federal court looks to state law in deciding the res judicata (or claim preclusive) effect of a state court judgment. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-482 (1982); s*ee also Cruz v. Melecio*, 204 F.3d 14, 18 (1st Cir. 2000) ("[S]tate law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in federal court."). Under Massachusetts law, "[t]hree elements are essential for invocation of claim preclusion: (1) the identity or privity of the parties to the present and prior

---

[2] The doctrine of res judicata serves important policy purposes such as relieving litigants of the "cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." *Apparel Art Int'l, Inc. v. Amertex Enters., Ltd.,* 48 F.3d 576, 583 & n.7 (1st Cir. 1995), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45 (2001).  With regard to the second element – that of "the identity of the cause of action" – Massachusetts law provides that "[c]laim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were *or could have been* adjudicated in the action." *Blanchette v. Sch. Comm. of Westwood*, 427 Mass. 176, 179 n.3 (1998) (emphasis added).

As to the first element of res judicata, there is no dispute that Forgione and BU were the opposing  parties in the earlier state litigation.  With respect to the second element, BU contends that Forgione's federal employment discrimination claims were "based on the same 'transaction or series of transactions' giving rise to the previous state law claim," and because they could have been brought as part of the state action, may not be litigated again in this court.[3]  Dkt #15, Def.'s Mem. at 6.  Claim-splitting (which is what Forgione has done) is a "long-barred practice" in Massachusetts (and other jurisdictions).  *See M.J. Flaherty Co. v. U.S. Fid. & Guar. Co.*, 61 Mass. App. Ct. 337, 339 (2004); *Puerto Rico Maritime Shipping Auth. v. Fed. Maritime Comm'n*, 75 F.3d 63, 67 (1st Cir. 1996).  The rule against claim-splitting states

---

[3] State courts have concurrent jurisdiction over Title VII claims.  *See Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 825-826 (1990).

that the entry of a "valid and final judgment extinguishes . . . all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Boateng v. InterAm. Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000), quoting *Restatement (Second) of Judgments* § 24(1) (1980).[4]   "This principle will be applied to extinguish a claim even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." *Boyd v. Jamaica Plain Co-op Bank*, 7 Mass. App. Ct. 153, 163 (1999); *see Heacock v. Heacock*, 402 Mass. 21, 24 (1988).[5]

As to the third element of res judicata, Forgione contends that Judge Lauriat's Mass. R. Civ. P. 12(b)(6) dismissal was "not a final judgment with prejudice. . . ," and that the doctrine of res judicata therefore does not apply. Dkt #12, Opp'n Mem. at 2.   The words "with prejudice" are not, however,

---

[4] Claim-splitting is the source of the policy considerations on which the doctrine of claim preclusion is based. *Day v. Kerkorian*, 61 Mass. App. Ct. 804, 811 (2004).

[5] BU notes, that claim-splitting aside, Forgione did not secure the predicate right-to-sue letter from the EEOC within the required time frame before bringing his discrimination suit in federal court. *See Havercombe v. Dep't of Educ. of Com. of Puerto Rico*, 250 F.3d 1, 8 (1st Cir. 2001).

talismanic.[6]  A Rule 12(b)(6) dismissal for failure to state a claim operates as a dismissal on the merits with res judicata effect regardless of how the wording of the order of dismissal is couched.  *Mestek, Inc. v. United Pac. Ins. Co.*, 40 Mass. App. Ct. 729, 731 (1996); *see* Mass. R. Civ. P. 41(b)(3) (a dismissal on any ground other than want of jurisdiction, improper venue, or failure to join a necessary party, operates as an adjudication on the merits); *cf. Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) (Breyer, J.). The only exception is where the "court in the first action has expressly reserved the plaintiff's right to maintain the second action." *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1167 (1st Cir. 1991), quoting *Restatement (Second) of Judgments* § 26(1)(b) (1982).  It is clear from Judge Lauriat's memorandum of decision of October 18, 2012, that he found each of Forgione's claims against BU lacking in legal substance.  He did not reserve Forgione's "right" to bring a subsequent action, nor would he have done so as any reservation of rights would have been futile.

---

[6] "Finality" does not require a "final" judgment in the sense of 28 U.S.C. § 1291, where "litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 89 (2d Cir. 1961) (Friendly, J.); *O'Reilly v. Malone*, 747 F.2d 820, 823 (1st Cir. 1984) (same).

Since all of the relevant elements of res judicata have been satisfied, Forgione's attempt to resuscitate his complaint in the federal court as a new cause of action is precluded.

## ORDER

For the foregoing reasons, defendants' motion to dismiss the complaint with prejudice is <u>ALLOWED</u>.  The Clerk will enter an order of dismissal with prejudice and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE